JOHN S. LEONARDO
United States Attorney
District of Arizona
JONATHAN B. GRANOFF
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Theresa Coyne,<br><br>    Defendant. | CR11-0794-TUC-RCC (CRP)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, Theresa Coyne, hereby agrees to the following disposition of this matter:

### PLEA

Defendant will plead guilty to an information charging one count: Misprision of a Felony, in violation of Title 18, United States Code, Section 4.

### TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory.

1. **AGREEMENT REGARDING SENTENCING**

The parties have agreed to a sentencing range of 0 to 3 years in prison. The defendant understands that it shall be up to the court to sentence the defendant within the agreed sentencing

range.

2. **MAXIMUM PENALTIES**

A. A violation of 18 United States Code, Section 4, is punishable by a maximum fine of $250,0000, a maximum term of imprisonment of three (3) years, a term of supervised release of one (1) year, or all three combined. The maximum period of probation is five (5) years.

B. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

(1) Order defendant, pursuant to Title 18, United States Code, Section 3663, to make restitution to any victim of the offense, unless the Court determines that restitution is not mandatory (see Title 18, United States Code, Section 3663A) and would not be appropriate in this case;

(2) Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein; and

(3) Pursuant to Title 18, United States Code, Section 3583, the Court may impose a term of supervised release.

(4) Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on defendant of $100.00 per count. Defendant agrees that the special assessment shall be due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

3. **AGREEMENT TO DISMISS OR NOT PROSECUTE**

a. This office will not prosecute the defendant for any offenses committed by the defendant that are known to the government at the time of defendant's plea of guilty.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

4. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

a. The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information

or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence or any order of restitution that the court imposes upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction, sentence, any order of restitution the court imposes or any other matter relating to this case.

b. The United States likewise will waive its right to appeal the sentence imposed by the court and the manner in which the court determines the defendant's sentence, as long as the sentence is consistent with the terms of this agreement.

### 5. REINSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(e)(6).

### 6. PLEA ADDENDUM

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

1  **7.     AGREEMENT TO MAKE RESTITUTION**

2  Defendant agrees to a restitution judgment totaling up to $50,0000 ~~that shall be joint and~~
3  ~~several with any co-defendant/defendant's restitution order,~~ issued in relation to the following
4  properties (1) Cienega Creek (referred to indictment); (2) 5241 N. Blue Bonnet Road and (3)
5  Rhyolite (referred to in indictment).  The parties agree that the Court shall determine the amount
6  of restitution within the agreed range of up to $50,000.  The defendant further agrees that,
7  pursuant to 18 U.S.C. §3613, all monetary penalties, including restitution imposed by the Court,
8  will be due immediately and subject to immediate enforcement by the Government as provided
9  for in Section 3613.  If the Judgment in a Criminal Case imposes a schedule of payments, the
10 defendant understands that the schedule of payments is merely a minimum schedule of payments
11 and not the only method, nor a limitation on the methods, available to the government to enforce
12 the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau
13 of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically
14 directs participation or imposes a schedule of payments.   The government agrees that there will
15 be no post-judgment interest on the amount of restitution set by the court.

16 **8.     ASSETS**

17 The defendant agrees to make a full accounting of all assets, including real and personal
18 property in which she has any actual, beneficial, or joint ownership interest, wherever located,
19 available to be applied toward restitution and to cooperate fully with the Government and the
20 United States Probation Office to execute such documentation as may be necessary to secure
21 such assets for application to restitution. The defendant further agrees that she will not sell, hide,
22 waste, destroy, or otherwise devalue or transfer any such assets or property before sentencing,
23 without the prior approval of the Government. The defendant understands and agrees that his
24 failure to comply with this provision of the Plea Agreement will result in her receiving no credit
25 for acceptance of responsibility.  The defendant's cooperation obligations include fully and
26 truthfully completing the Department of Justice's Financial Statement of Debtor form within ten
27 (10) days before her sentencing hearing; submitting to a financial deposition or an interview or
28 interviews (if necessary) regarding her past and present financial condition, as well as the

1  financial condition of all members of her household (including but not limited to spouse and
2  children), prior to sentencing; providing any documentation requested by the Government or the
3  United States Probation Office regarding her financial condition as well as the financial
4  condition of all household members (including but not limited to that of spouse and children);
5  and fully and truthfully answering all questions regarding her past and present financial
6  condition in such interview(s). The defendant further agrees to permit the United States
7  Probation Office to provide copies to the United States Attorney's Office for the District of
8  Arizona any and all financial information provided by the defendant to the United States
9  Probation Office.

10 **9.   DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**
11      A.   The defendant will cooperate fully with the United States Probation Office. Such
12 cooperation will include truthful statements in response to any questions posed by the Probation
13 Department including, but not limited to:
14      (1)   All criminal history information, i.e., all criminal convictions as defined
15 under the Sentencing Guidelines.
16      (2)   All financial information, e.g., present financial assets or liabilities that
17 relate to the ability of the defendant to pay a fine or restitution.
18      (3)   All history of drug abuse which would warrant a treatment condition as
19 part of sentencing.
20      (4)   All history of mental illness or conditions which would warrant a
21 treatment condition as a part of sentencing.

**ELEMENTS AND FACTUAL BASIS**

23   A.   **Misprision of a Felony**
24   I, Theresa Coyne, understand that the essential elements of Misprision of a Felony, in
25 violation of Title 18, United States Code, Section 4, are as follows:
26      (1)   Within the time frame set forth in the Information, in the District of Arizona, the
27 crime of Conspiracy to Commit Wire Fraud or Wire Fraud was committed by someone other
28 than the defendant;



(2)  The defendant had knowledge of that fact;

(3)  The defendant failed to notify authorities of the offense; and

(4)  The defendant took an affirmative step to conceal the crime.

**B.  Conspiracy to Commit Wire Fraud**

I, Theresa Coyne, understand that the essential elements of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349, are as follows:

(1)  In the District of Arizona, there was an agreement between two or more persons to commit one or more crimes of Wire Fraud;

(2)  The defendant became a member of the conspiracy knowing of at least one of its objects (Wire Fraud) and intending to help accomplish it; and

(3)  One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

**C.  Wire Fraud**

The essential elements of Wire Fraud, in violation of 18 U.S.C. Section 1343 are as follows:

(1) The defendant made up a scheme or plan for obtaining money or property by making false promises or statements;

(2) Defendant knew that the promises and statements were false;

(3) The promises or statements were material, that is, they could reasonably influence a person to part with money or property; and

(4) Defendant acted with the intent to defraud; and

(5) Defendant used, or caused to be used, wire radio or television communications in interstate or foreign commerce to carry out the essential part of the scheme.

### FACTUAL BASIS

I, THERESA COYNE and my husband were recruited by others, who for the purpose of this plea agreement are not named, to purchase various properties in Arizona between 2002 and 2007. We were paid for the use of our credit to purchase the properties. We were told that the properties would be flipped at a later date and that we would receive a share of the proceeds at

that time. The money we received for purchasing the properties was primarily used to pay the mortgages on the properties.

In order to obtain financing for the properties, various documents including loan applications were submitted to various lenders on our behalf. These documents contained material false representations including one or more of the following: (1) falsely represented our intent to reside at the property as a primary residence; (2) falsely inflated our monthly income; (4) falsely or misleading statements concerning the amount of funds that were in our bank account(s) and (5) fraudulent lease agreement(s).

Based in part on these material false representations, the lenders wired funds in interstate commerce to various Arizona title companies. I knew or suspected that other individuals who were involved in these real estate transactions were engaged in a scheme to defraud to obtain financing. However, I concealed this crime because I failed to disclose my knowledge of it to the authorities.

This factual summary set forth herein is provided for purposes of this plea agreement only. This summary is not intended as a complete set of the facts regarding my involvement and the involvement of others in this matter.

The above facts are a summary of my involvement in this matter for the purposes of this plea agreement only. This summary does not include each and every fact that I know about this case.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

1  I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

2  I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines.

3  My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

4  I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

5  I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

6  I am very satisfied that my defense attorney has represented me in a competent manner.

7  I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

*/s/ Theresa M. Coyne*
Theresa Coyne
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

6/13.13
Date

Sean C. Chapman
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

6/17/13
Date

for Jonathan B. Granoff
Assistant U.S. Attorney